IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kenneth D. Driggers | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:10-1541-RMG |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security Administration | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees as a prevailing party in a Social Security disability matter pursuant to 28 U.S.C. § 406(b). (Dkt. No. 35). Plaintiff requests Court approval of $15,680.50, which represents a contingency fee of 25% of Plaintiff's total recovery. Plaintiff has provided the Court a copy of an attorney's fee agreement which provides that counsel will be paid a fee of 25% of the past due benefits recovered. (Dkt. No. 35-2). Plaintiff's counsel has provided to the Court an accounting of his hours of 24.9 hours. (Dkt. No. 35-4). The Court has previously awarded Plaintiff $4,104.00 for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Government has filed a response indicating it does not object to an award of attorney's fees under 28 U.S.C. § 406(b), but notes correctly that in the event of such an award Plaintiff's counsel would be required to refund to Plaintiff the amount previously awarded under EAJA. (Dkt. No. 36). *See, Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010).

The Court, pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 897-808 (2002), begins this review by determining the fee provided for by the contingency fee agreement and tests this against a standard of reasonableness. The fee requested of $15,680.50 is in accord with the parties' contingency fee agreement. Based upon various factors normally considered in reviewing the reasonableness of an attorney's fee, the Court finds the fee requested is reasonable. *Barber v. Kimbrell's*, 577 F.2d 216, 226 (4th Cir. 1978). Therefore, the Court hereby approves an attorney's fee of $15,680.50 pursuant to 42 U.S.C. § 406(b). Upon receipt of payment under § 406(b), Plaintiff's counsel shall refund to Plaintiff the amount of $4,104.00 previously awarded under EAJA to the extent such fees have actually been received by Plaintiff's counsel.[1]

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 23, 2012

---

[1] Plaintiff's counsel has indicated that he has not yet received the EAJA fees the Court awarded in this matter. (Dkt. No. 35-1 at 2 n. 1). Counsel's obligation to reimburse Plaintiff for the attorney fees awarded under EAJA is, of course, dependent upon the EAJA fees actually being paid to Plaintiff's counsel.